# IN THE COURT OF APPEALS OF IOWA

No. 23-1967
Filed January 9, 2025

**EDWARD ALGENERIO CAMPBELL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

An applicant for postconviction relief appeals the dismissal of his application as time-barred. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

In 2016, a jury convicted Edward Campbell of first-degree burglary and second-degree criminal mischief.  *See State v. Campbell*, No. 16-0550, 2017 WL 2464070, at *1 (Iowa Ct. App. June 7, 2017).  We affirmed his convictions on direct appeal, *see id.* at *10, and procedendo issued on August 3, 2017.

Six years later, Campbell applied for postconviction relief.[1]  In that application, Campbell raised grievances about evidentiary rulings, jury instructions, his counsel's responsiveness, being denied discovery, and the sheriff's office purportedly failing to subpoena alibi witnesses.  The State moved to dismiss the application, arguing Campbell's application was filed well outside the three-year statute of limitations under Iowa Code section 822.3 (2023).  Campbell never resisted, and the district court dismissed the application as time-barred.

Campbell appeals, and we review for legal error.  *See Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020).  On appeal, Campbell contends his application asserts an actual-innocence claim.  And he argues that such claims are not subject to the three-year limitations period.  Not so.  Campbell cannot "overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to [him] or could have been discovered with due diligence within the limitations period."  *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020); *see also Dewberry v. State*, 941 N.W.2d 1, 5 (Iowa 2019).

---

[1] This is Campbell's third postconviction-relief application.  Neither of his prior two applications alter our limitations analysis here.  *See* Iowa Code § 822.3 ("An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods.").

Campbell has not shown that his application is timely. His application, though at times hard to parse, turns on events leading up to and during his criminal trial—all of which Campbell knew or should have known within the limitations period. *See* Iowa Code § 822.3 (providing the three-year "limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period"). And so, his postconviction-relief application was properly dismissed as time-barred.

**AFFIRMED.**